UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM E. KENYON,

                    Plaintiff,                    DECISION & ORDER
          v.                                      16-CV-6510-FPG-JWF

JOE WEBER, et al,

                    Defendants.


## Preliminary Statement

Pro se plaintiff William Kenyon ("plaintiff") brings this action under 42 U.S.C. § 1983, alleging that his Eight Amendment rights were violated by defendants' deliberate indifference to an unsafe working condition that existed in the metal shop at Attica Correctional Facility, which lead him to sustain an injury to his leg on July 19, 2013, and deliberate indifference to his medical needs and inadequate medical treatment received following the injury. See Amended Complaint. (Docket # 6). By the order of Judge Larimer, plaintiff's claim against defendants Schunk, Dr. Laskowski, Dr. Abbey, Dr. Rao, and Bradt for deliberate indifference to his serious medical needs was dismissed. (Docket # 15). Pending before the court is plaintiff's motion to appoint counsel. (Docket # 29).

## Discussion

With the instant motion, plaintiff asserts that the appointment is necessary because of the complexities of his legal

1

action, and the need to provide legal defense and obtain medical experts who would assist with his understanding of medical terminology, treatment records, and the nature of medical treatment that was received or should have been received by plaintiff following his injury. Id. For the reasons that follow, plaintiff's motion is **denied without prejudice to renew.**

Unlike most criminal defendants, civil litigants do not have a constitutional right to *pro bono* counsel. Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). However, the court has the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e) when deemed appropriate. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). In deciding whether appointment of counsel is appropriate, the Court should follow the standards outlined by the Second Circuit in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d, 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that

plaintiff's allegations satisfy the initial threshold showing of merit of plaintiff's allegations. See, e.g., Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) (plaintiff's allegations of excessive force had sufficient substance); Allen v. Sakellardis, No. 02 Civ. 4373 (JSR)(DF), 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"); Wilson v. Hendel, No. 00-CV-6458-CJS(F), 2011 WL 4703117, at *2 (W.D.N.Y. Oct. 4, 2011) (allegations of excessive force and subsequent injury were enough to clear substantiality threshold). However, after considering the nature of factual allegations in the complaint and the issues involved, as well as plaintiff's ability to present his claims, the Court nevertheless concludes that appointment of counsel is not warranted at this particular time.

Though the Court has the discretion to appoint counsel, it is to be exercised narrowly and with the acknowledgment that the time of volunteer lawyers "is a precious commodity." Cooper v. A Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Despite plaintiff's claims that legal counsel would be able to assist him in providing adequate legal defense, plaintiff's well-drafted pro se complaint and amended complaint are detailed in nature and adequately describe the events that allegedly led to his injuries. Also, both documents, his response to defendants' motion to dismiss

3

and the instant motion contain logical arguments and requests for relief, and are cogent enough to suggest that he has sufficient ability to understand the issues and present his case. See Urrutia v. Green, No. 05-CV-6153, 2007 WL 1114103, at *1 (W.D.N.Y. April 12, 2007) (denying request for appointment of counsel because plaintiff's ability to submit legible, coherent, and timely documents "suggests at a minimum" that plaintiff has adequate resources to present his case); Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law).

Furthermore, there is no sign that the legal issues plaintiff addresses are overly complex making it impossible to proceed without counsel. Plaintiff's claims arise from a single incident that occurred on July 19, 2013, when plaintiff alleges that he sustained an injury to his leg following a fall in the metal shop of Attica Correctional Facility. In the absence of a complicated legal issue for which the appointment of counsel would be necessary, the court may decline the request for counsel. Parks v. Smith, 505 F. App'x 42 (2d Cir. 2012) (denying request for appointment of counsel where prisoner is alleging violation of civil rights by prison officials and the issues were not complex enough to warrant appointment of counsel); see also Swift v. Tweddell, No. 05-CV-6233L, 2007 WL 1340807, at *1 (W.D.N.Y. May 4,

4

2007) (denying request for appointment of counsel because the factual and legal issues were not complex enough to warrant appointment); Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case").

Thus, I find no "special reason" why appointment of counsel would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481 (LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (holding that motion for appointment of counsel should be denied in absence of a "special reason" given by plaintiff as to why appointment would increase the likelihood of a just determination).

Therefore, the appointment of counsel is not warranted at this time. If the plaintiff should require answers regarding questions on process or procedures utilized in this district, he may consult with the pro se office attorneys of the Western District. Should Judge Larimer determine that the appointment of counsel would provide substantial assistance to plaintiff in responding to dispositive motions or presenting his case at trial, he may, of course, revisit the appointment of counsel issue at that time.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 29) is **denied without prejudice to renew.**

SO ORDERED.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    June 5, 2018
          Rochester, New York