**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



WILLIAM E. KENYON,

        Plaintiff,

v.

JOE WEBER, et al,

        Defendants.

**DECISION & ORDER**
16-CV-6510-FPG-JWF

## Preliminary Statement

Pro se plaintiff William Kenyon ("plaintiff") brings this action under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to an unsafe working condition that existed in the metal shop at Attica Correctional Facility - where he was incarcerated at the time - and this unsafe condition led him to sustain an injury to his leg on July 19, 2013. See Am. Compl. (Docket # 6). Plaintiff also alleges that defendants were deliberately indifferent to his medical needs by failing to provide adequate medical treatment following the injury.[1] Id.

Pending before this Court are (1) plaintiff's motion for an MRI and an appointment of an expert to interpret the results

---

[1] Plaintiff's claims against many of the defendants have been previously dismissed. The remaining claims are against defendants Joe Weber, Thomas Krakowski, and Mark Bradt (collectively "defendants"). Docket # 15. Defendants have moved for summary judgment (Docket # 45) and that motion is currently before Chief Judge Geraci.

1

(Docket # 40) and (2) plaintiff's third[2] motion for appointment of counsel (Docket # 47). For the reasons that follow, both of plaintiff's motions are **denied**.

## Discussion

<u>Motion for an MRI and an Expert to Interpret the Results (Docket # 40)</u>: Plaintiff styles his motion as a request "to order a [sic] MRI procedure" and an "Expert Witness . . . to read the MRI results." Docket # 40, at 1. He contends that an MRI of his hamstring is needed to corroborate the injuries he suffered as a result of defendants' conduct, especially in light of plaintiff's allegation that defendant medical professionals refused to treat these injuries. In his amended complaint, plaintiff explains that he has not "been provided with the MRI from the Doctor's Diagnosis that one would expect to be done for such an injury." Docket # 6, at 10.

The Court construes plaintiff's motion for a medical examination under Federal Rule of Civil Procedure ("Rule") 35. Here, however, plaintiff seeks an order for <u>his own</u> medical examination. Rule 35 does not "authorize a party to file a motion for his own physical examination. . . . Neither may a plaintiff invoke Rule 35 in order to receive medical care." <u>Rodriguez v. Conway</u>, No. 10-CV-6243L, 2011 WL 4829725, at *3 (W.D.N.Y. Sept. 6,

---

[2] Chief Judge Geraci denied plaintiff's initial motion for appointment of counsel on May 26, 2017 (Docket # 8), and I denied plaintiff's second motion for appointment of counsel on June 7, 2018 (Docket # 38).

2

2011) (citations and quotation marks omitted), aff'd in relevant part by No. 10-CV-6243L, 2011 WL 4829869 (W.D.N.Y. Oct. 12, 2011); see also Funderburke v. Canfield, No. 13-CV-6128G, 2014 WL 6390577, at *1 (W.D.N.Y. Nov. 7, 2014) ("Rule 35 generally governs requests made by one party to require another party to submit to a medical examination."). In addition, plaintiff's motion seeks access to the same medical care that he seeks in his complaint, i.e., an MRI and medical attention related to his fall while in custody. A medical examination under Rule 35 cannot be used for this purpose. Rodriguez, 2011 WL 4829725, at *3 ("Through his motion, Rodriguez seeks access to the very same specialized medical care that he seeks through his complaint. Such a use of Rule 35(a) is not proper. Nor may a Rule 35 examination be used as a substitute for a motion to obtain expert testimony."). "Although plaintiff has the right to hire his own expert, 'no civil litigant, even an indigent one, has the legal right to a medical examination at taxpayer expense.'" Funderburke, 2014 WL 6390577, at *1 (quoting Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D. Del. 2009)). Because the Court declines to order an MRI, it follows that no expert is needed to review MRI results. Accordingly, these motions are **denied**.

Motion for Appointment of Counsel (Docket # 47): With the instant motion for appointment of counsel, plaintiff asserts that he needs counsel because of the complexities of his legal action,

and the need to provide legal defense and obtain medical experts who would assist with his understanding of medical terminology, treatment records, and the nature of medical treatment that he received or should have been received by plaintiff following his injury. Docket # 47, at 2-4. Plaintiff also claims that he only has "40 hours of Legal Research under his belt" and needs assistance responding to defendants' recent motion for summary judgment. Id. at 1.

As indicated, this is plaintiff's third motion for appointment of counsel. Plaintiff's previous two requests were denied. See Docket # 4 (appointment of counsel denied by Chief Judge Geraci) and # 38 (appointment of counsel denied by the undersigned). The only thing that has changed since his previous motions is that there is currently a motion for summary judgment pending before Chief Judge Geraci. For substantially the same reasons stated in my previous Order (Docket # 38), plaintiff's motion is **denied without prejudice.** Chief Judge Geraci is currently considering the issues and merits of the pending summary judgment motion. If Chief Judge Geraci believes that appointing counsel for plaintiff is needed for the fair consideration of the defendants' dispositive motion, he will, of course, have the ability to appoint counsel for the plaintiff.

## Conclusion

Plaintiff's motion for an MRI and an expert to read the MRI (Docket # 40) is **denied** and plaintiff's third motion to appoint counsel (Docket # 47) is **denied without prejudice.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 11, 2019
Rochester, New York