UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM E. KENYON,

          Plaintiff,

                      Case # 16-CV-6510-FPG

v.

                      DECISION AND ORDER

JOE WEBER, et al.,

          Defendants.

## INTRODUCTION

*Pro se* Plaintiff William E. Kenyon brought this action on July 21, 2016, alleging that Defendants violated his constitutional rights by subjecting him to unsafe working conditions, which caused him to injure himself, and then denying him adequate medical treatment. ECF Nos. 1, 15 at 1. The Court granted Defendants' Motion to Dismiss on December 21, 2017, leaving only the working-conditions claim brought under the Eighth Amendment against Defendants Joe Weber, Thomas Krakowski, and Mark Bradt. ECF No. 15 at 11-12. They now move for summary judgment as to that claim. ECF No. 45. The Court grants their Motion because a "slip and fall" that leads to an injury cannot amount to an Eighth Amendment violation as a matter of law.

## BACKGROUND

The following facts are taken from the record and undisputed unless noted otherwise. Plaintiff arrived at Attica Correctional Facility in January 2011 and began working in Attica's metal shop several months later. Weber was the supervisor of the shop, Krakowski was the superintendent of the shop, and Bradt patrolled the shop approximately once per week.

Plaintiff's role in the metal shop was to clean sheets of metal before they were used for metal work. He would hang the sheets on a conveyor belt so that they could pass through a washer, over a set of drip pans to shed excess water, and into an oven to be dried. The space between the washer and oven that housed the drip pans created an alley. In the course of performing his duties, Plaintiff had to frequent the alley twenty-to-thirty times per day. The alley was difficult to navigate and slippery because of the water dripping off of the metal sheets.

On July 19, 2013, Plaintiff slipped while exiting the alley and injured his right hamstring. Plaintiff filed a grievance on October 2, 2013 explaining the incident. Officials at Attica received the grievance, investigated it, and issued decisions denying it, which Plaintiff appealed. Plaintiff's appeals were denied, and this action soon followed.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Defendants first argue that Plaintiff failed to exhaust his administrative remedies as to his claim because (1) Plaintiff's grievance did not put Defendants and Attica on notice of the substance of his claim and (2) Plaintiff's grievance was untimely. Both arguments fail.

The Prison Litigation Reform Act of 1996 requires prisoners to exhaust their prison's administrative remedies before bringing suit in federal court. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." (citation and quotation marks omitted)).

The Department of Corrections and Community Supervision (DOCCS), which maintains, staffs, and runs prisons throughout New York State, has procedural rules for prisoners to file

grievances. N.Y Comp. Codes R. & Refs. tit. 7, § 701.5. Section 701.5(a)(2) specifically delineates what a grievance must contain: "In addition to the grievant's name, department identification number, housing unit, program assignment, etc., the grievance should contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint, i.e., specific persons/areas contacted and responses received."

The Court of Appeals for the Second Circuit explains further:

> [A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming . . . In order to exhaust, therefore, inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures.

*Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quotation marks and citation omitted).

As for the timeliness of a grievance, DOCCS's regulations require that an inmate file a complaint "within 21 calendar days of an alleged occurrence on an inmate grievance complaint form." N.Y Comp. Codes R. & Refs. tit. 7, § 701.5(a)(1). But the Second Circuit has qualified this requirement: an inmate exhausts his administrative remedies even if he files a grievance late provided the "appropriate prison authority" accepts and considers it and makes a decision on its merits. *Hill v. Curcione*, 657 F.3d 116, 125 (2d Cir. 2011).

Here, Plaintiff appropriately grieved his claim and his untimely filing of the grievance is excused because Attica officials accepted his grievance and decided it on its merits. Plaintiff's grievance properly describes his injury according to DOCCS's regulations. It explains that, while working at the metal shop, he stepped down while his feet were wet, fell, and was injured. ECF

No. 45-6 at 139. After his injury, Weber correced the conditions leading to his fall and injury.[1]
*Id.*

This description meets DOCCS's regulations. It specifically explains the problem Plaintiff experienced and even explains that Weber responded to it. Plaintiff therefore provided enough information for prison officials to correct the problem—which they had already done—and investigate his grievance.

Defendants cite case law suggesting that Plaintiff was required to articulate the substance of future legal claims within his grievance. ECF No. 45-7 at 6. But those decisions were issued by district courts and thereby have no precedential affect on this case. The cases cited above, however, issued from the United States Supreme Court and the Court of Appeals for the Second Circuit and therefore constitute binding precedent. Defendants' argument therefore fails.

As for the untimeliness of Plaintiff's grievance, Attica officials accepted Plaintiff's grievance, investigated its allegations, and issued decisions on its merits. ECF No. 49-2 at 16-19. Plaintiff has supplied the Court with decisions from the Central Office Review Committee and the Superintendent showing that they considered his grievance and decided it on its merits. Thus, pursuant to Second Circuit case law, Plaintiff exhausted his administrative remedies. *Hill*, 657 F.3d at 125.

## II. Plaintiff's Claim

Defendants next argue that the conditions in the metal shop do not constitute an Eighth Amendment violation. ECF No. 45-7 at 8-12. The Court agrees.

---

[1] Defendants argue that the Court cannot consider the subsequent remedial measures because they are inadmissible to prove their culpable conduct under Federal Rule of Evidence 407. They are correct. The Court considers the remedial measures here not to show that Defendants were culpable, but to establish that Defendants were put on notice of Plaintiff's grievance and responded to it.

A plaintiff must establish two elements to prevail on an Eighth Amendment conditions-of-confinement claim: "(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quotation marks and citation omitted) (summary order).

Circuit and district courts around the country have held that plaintiffs injured because of a "slip and fall" resulting from a wet, slippery floor in a prison cannot establish the first element of an Eighth Amendment conditions-of confinement claim. *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D.W. Va. 1983); *see also Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) ("Although wet floors do present a possibility that inmates might slip, [plaintiff's] allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment."). Those Circuit Courts include the Second Circuit, which has held that, even where a plaintiff could show a wet floor led to prior slip-and-fall incidents, a wet floor cannot pose a sufficiently grave risk to constitute an Eighth Amendment violation. *Washington*, 708 F. App'x at 708.

Plaintiff's claim therefore fails. He has offered no evidence that the conditions in the metal shop caused injuries to other inmates or even to himself. Plaintiff testified that he passed through the wet alley twenty-to-thirty times a day for nearly two years and only slipped once. *See Bell*, 88 F. App'x at 127 ("In fact, [Plaintiff] acknowledges that he and 'other inmates of the wet area' had previously crossed the wet floor without slipping."). This shows that, instead of being a condition of confinement so risky that Plaintiff was denied "the minimal civilized measure of life's

necessities," Plaintiff experienced "a daily risk[—slippery floors—]faced by members of the public at large." *Reynolds*, 370 F.3d at 1031. Plaintiff has shown that Defendants were negligent at most, which is insufficient to support an Eighth Amendment Claim. *Bell*, 88 F. App'x at 127.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 45, is GRANTED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24. The Clerk of Court is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: September 10, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court