UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM E. KENYON,

                                      Plaintiff,                  Case # 16-CV-6510-FPG

v.                                                                           DECISION AND ORDER

JOE WEBER, et al.,

                                    Defendants.

## INTRODUCTION

On September 11, 2019, the Court granted summary judgment in Defendants' favor and dismissed this case. ECF No. 52. The Clerk of Court entered judgment the next day. ECF No. 53. On September 17, 2019, Defendants filed a Bill of Costs for $560.16 for Plaintiff's deposition transcript. ECF No. 54. On October 7, 2019, Plaintiff responded in opposition to the Bill of Costs. ECF No 55. For the reasons that follow, the Court grants Defendants' Bill of Costs.

## DISCUSSION

The Court is authorized to award costs to the prevailing party pursuant to Federal Rule of Civil Procedure 54(d). "[B]ecause Rule 54(d) allows costs as of course, such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Hassan v. City of Ithaca*, No. 6:11-CV-06535 (MAT), 2016 WL 4430604, at *1 (W.D.N.Y. Aug. 21, 2016) (quotation marks and citation omitted). The Court "may tax as costs . . . [f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*." 28 U.S.C. § 1920(2) (emphasis added).

Plaintiff cannot dispute that his deposition transcript was "necessarily obtained for use in the case" because Defendants submitted it as part of their summary judgment motion and the Court

noted Plaintiff's testimony in its Decision and Order granting summary judgment. ECF No. 45-6 at 4-123; ECF No. 52 at 5. Accordingly, it is a taxable cost. *See Hassan*, 2016 WL 4430604, at *1. Moreover, Defendants' submission complies with the requirements set forth in this District's Local Rules of Civil Procedure and Guidelines for Bills of Costs. ECF No. 54; *see* United States District Court for the Western District of New York, Guidelines for Bills of Costs at 7, 9 (effective Jan. 1, 2015); Loc. R. Civ. P. 54(d), (g).

Since the Court finds that the deposition transcript is a taxable cost, it will now evaluate whether Plaintiff has met his "burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citations omitted). The Court "may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.* (citation omitted).

Plaintiff argues that he should not have to pay the Bill of Costs because he has "no money" and the Court previously granted him *in forma pauperis* status. ECF No. 55. Despite this assertion, Plaintiff attaches copies of his inmate account for June, July, and August 2019, which shows regular deposits to his account and balances between $169 and $214. *Id.* at 22-24. The Court finds that Plaintiff's conclusory assertions of an inability to pay, coupled with the fact that he has money flowing into his inmate account, are insufficient to overcome the presumption that costs should be awarded to Defendants as the prevailing parties. *See, e.g.*, *Hassan*, 2016 WL 4430604, at *2 (finding a "conclusory submission regarding Plaintiff's alleged indigency . . . insufficient to overcome the presumption that costs are to be awarded to Defendants as prevailing parties"). Moreover, "being a state prisoner does not *per se* establish that one is without funds" and the *in*

*forma pauperis* statute, 28 U.S.C. § 1915, "expressly provides for awarding costs at the conclusion of the suit or action as in other cases." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994).

Accordingly, for the reasons stated, the Court finds that Plaintiff has not carried his burden to show that costs should not be imposed and it grants Defendants' Bill of Costs.

## CONCLUSION

Defendants' Bill of Costs (ECF No. 54) is GRANTED and Defendants are awarded $560.16. The Clerk of the Court is directed to amend the judgment entered in this case to include the $560.16 in costs.

IT IS SO ORDERED.

Dated: October 9, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3